## LEGIERSE & CO. vs. N. B. PIERCE.

SUPREME COURT, TYLER TERM, 1883.

*Custodia Legis—Conversion of goods that are in.* Where goods had been seized under attachments, and a party claimed the same under the statute for the trial of the right of property and gave bond therefor,—*held*, that the goods were in the custody of the law even after they had been released to the claimant upon his claimbond, and were not subject to be levied upon under an execution against the attachment debtor;—*held*, further, that the claimant was entitled to sue for and recover the value of the goods, thus seized and converted, although he had claimed the same under an invalid assignment made by the debtor.

*Exemplary Damages.* When the evidence fails to show that a conversion of property was attended with any of the elements which authorize the recovery of such damages, a judgment awarding them will be reversed.

Appeal from Wise County.

*O'Neil, Crane & Donald* for appellants.

*Holman & Carswell* for appellee.

Opinion by Hurt, J.

Chambers & Hawkins assigned a stock of goods to the appellee,

N. B. Pierce, for the benefit of their creditors. Pierce qualified and took possession of the goods. The sheriff of Wise county, by virtue of five writs of attachment against Chambers & Hawkins, levied upon all the assigned property, and took it out of the possession of Pierce, the assignee. Pierce made affidavit of claim in good faith, filed his claimant's bond, and the property was re-delivered to him. All of the papers were returned into the district court of Wise county and five cases for the trial of the right of property in favor of the several plaintiffs in said writs of attachment, were docketed against Pierce, the claimant, in said district court.

That afterwards, to-wit, on March 22, 1882, LeGierse & Co., also creditors of Chambers & Hawkins, caused a part of said goods to be levied upon and sold by vi tue of an execution against Chambers & Hawkins, and converted the proceeds to their own use. Pierce, the appellee, for this conversion sues LeGierse & Co., J. R. Allen, the sheriff of Wise county, and J. M. O'Neil, L. A. Crane and H. D. Donald, O'Neil, Crane and Donald being partners and attorneys for LeGierse & Co.

Pierce claims in his petition that the goods converted were of the value of $700, setting out an itemised account of the same; also claiming punitory damages in the sum of $200.

A trial in the county court resulted in a verdict and judgment for Pierce against LeGierse & Co. alone for $270 actual damages and $200 exemplary damages. Allen and the attorneys recovered their costs against the appellee Pierce.

The first question presented by the assignment of errors is, whether Pierce has such interest in the goods as will give to him the right to sue LeGierse & Co. for such conversion as is shown by the record.

Goods in the possession of Pierce, under the circumstances of this case, are in *custodia legis*, and not subject to the execution of the appellants. Hodges vs. Lucas, 10 Peters 400.

But it is urged that the assignment by Chambers & Hawkins to Pierce, being void, that therefore Pierce has no shadow of title or legal claim, and that the goods were not legally in the custody of the law and are subject to appellants' execution. If these facts be true, the reason why the law should protect the interest and possession of Pierce, are not lessened or weakened. Pierce having made affidavit and filed his claimant's bond for the forth-coming of the

goods or their value, in justice and equity should be protected by the law in this possession.

It may be insisted that as the assignment is void, Pierce is a volunteer and intermeddler, and is therefore subject to no protection from the law. This is not a correct proposition of law, when applied to this character of case. Hodges vs. Lucas, *supra.*

Let us illustrate. A claims property and executes his bond payable to B and takes possession of the property. C by execution seizes the property, takes it from the possession of A and sells the same. Now can A, he being defeated in the suit between him and B, to save himself from liability on his claimant's bond, legally plead the seizure made by C? Most evidently he cannot. This being the case A would be forced by the law to pay the bond, while C would have the property or its proceeds. Now if the law gives A no redress against C the punishment inflicted upon him would be the full value of the property claimed with ten per cent. added. Does the law inflict such extreme punishment upon her cit'zents for an ineffectual attempt to test the title to property?

If A believing the assignment valid had sued B for the property defeat would have imposed upon him the payment of the costs only. Upon what principle of justice can it be held, that because he seeks to test the title to the property, viz: claim under the statute, that the law will sanction such a course as will result in such a fearful penalty to a losing party?

As is well said by Mr. Justice McLean in Hodges vs. Lucas: "If the property be liable to execution a levy must always produce a forfeiture of the condition of the bond; for a levy takes the prope ty out of the possession of the claimant and renders the performance of his bond impossible. Can a result so repugnant to equity and propriety as this be sustained? Is the law so inconsistent as to authorize the means by which the discharge of a legal obligation is defeated, and at the same time exact a penalty for failure? This would indeed be a reproval to the law and to justice. The maxim of the law is, that it injures no man and can never produce injustice."

We are of the opinion that the property, nor any part thereof, was liable to be taken in execution; and that Pierce, the claimant, had a right to his acti n against all parties concerned in the seizure and conversion of the same.

We have examined all of the grounds assigned by the appellant

for a reversal of the judgment, and believe that none of them are tenable except one, to-wit: the recovery of the $200 as punitory damages. There is no element of punitory damages in the record. That appellants were actuated by malice or a disposition to harrass or oppress appellee, because he had his execution levied upon the goods which were in the possession of the claimant does not follow by any means. The legal right to seize by execution, these goods, is a question about which persons learned in the law might differ.

We are of the opinion that the judgment for $200 as punitory damages is not supported by the evidence. The judgment is therefore reversed and the cause remanded.